

**FILED**
**Oct 02, 2018**
**10:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **CAROLYN MILLER,** | ) | **Docket No. 2018-07-0022** |
| Employee, | ) | |
| v. | ) | |
| **OLD FOLKS MISSION CENTER, INC.,** | ) | **State File No. 86061-2017** |
| Employer, | ) | |
| And | ) | |
| **AMERISURE MUTUAL INS. CO.,** | ) | **Judge Allen Phillips** |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS

Ms. Miller requested medical and temporary disability benefits for an arm injury. Old Folks Mission Center (Mission) asserted she did not provide proper notice of her injury and it did not arise primarily out of her employment. The Court held an Expedited Hearing on September 18, 2018, and holds Ms. Miller came forward with sufficient evidence that she likely would prevail at a hearing on the merits on both notice and causation. Thus, she is entitled to some of the requested benefits.

### History of Claim

Ms. Miller worked as a housekeeper at Mission, a nursing home. She described her work as repetitive, involving mopping, sweeping, washing windows and wiping down walls.

Ms. Miller said she reported a gradually-occurring right wrist and thumb injury on September 25, 2017, to Duane Cherry, Mission's administrator. She said Mr. Cherry did not offer to send her to a doctor but instead told her to seek her own treatment. She further stated she continued to ask Mr. Cherry to complete an injury report over the following weeks.

For his part, Mr. Cherry denied Ms. Miller reported an injury on September 25. He admitted she told him that her arm hurt, but he adamantly denied she said it was work-related. He also denied telling Ms. Miller to seek treatment on her own.

After the September 25 conversation, Ms. Miller made an appointment with Dr. Harold Antwine, an orthopedic surgeon whom she knew from his prior treatment of her daughter. Ms. Miller saw him on September 27 and reported "a few week history of right wrist and thumb pain" that was "gradual in onset with no injury." Dr. Antwine diagnosed de Quervain's tenosynovitis and told her to return in three or four weeks. He did not restrict Ms. Miller from work.

Ms. Miller returned to Dr. Antwine on October 26. He recorded that she worked as a janitor and "does a lot of repetitive activity." Dr. Antwine noted "that [activity] certainly could be a causative factor for this current problem." He also noted Ms. Miller denied any injury at home. Dr. Antwine maintained his de Quervain's diagnosis and took her off work.

Ms. Miller said she gave the off-work slip to Mr. Cherry on October 27, but Mr. Cherry said she gave it to him on November 3. He then completed a "First Report of Work Injury" and noted Ms. Miller reported an injury on November 3 and that she last worked on October 27. Mr. Cherry wrote "unknown" as to how the injury occurred and added Ms. Miller was "alleging carpal tunnel." Mr. Cherry said she did not report an injury at any time other than November 3, and she "had to have reported on the 3rd" or he would not have completed the report. Mr. Cherry recalled the report occurred after Ms. Miller's second visit to Dr. Antwine. On November 28, Mission's carrier filed a "Notice of Denial" on grounds of inadequate proof of causation and lack of notice.

Ms. Miller returned to Dr. Antwine on November 17, and he kept her off work. She returned on December 15, and he recommended surgery. Dr. Antwine kept her off work and set surgery for January 25, 2018. Ms. Miller testified she never had surgery because Mission terminated her health insurance.

On December 15, Dr. Antwine placed an Addendum in Ms. Miller's chart that said her symptoms started in September 2017. On February 15, 2018, Dr. Antwine wrote another addition, stating Ms. Miller spoke of "a lot of repetitive activity" that "certainly . . . could be a causative factor of [her] current problem." He concluded the entry by stating, "I would consider this a work-related injury due to the repetitive activity."

Before the hearing, Mission moved for a continuance on grounds that it provided Ms. Miller a panel of physicians on August 21, 2018. It contended that this made the Expedited Hearing "moot," and it wished to "avoid taking up the Court's time." Ms. Miller objected. She argued she had "waited almost a year" for Mission to respond to her request for benefits. Further, providing a panel did not address her other requests that Dr.

Antwine be placed on the panel and that Mission pay her medical bills and temporary disability benefits. The Court denied Mission's motion.

At the Expedited Hearing, Ms. Miller contended Dr. Antwine's statements regarding work relation entitled her to all the requested benefits. Mission countered that Ms. Miller was unclear regarding the onset of her condition but did not report any work relation in September 2017 despite allegedly having problems for some time. It also argued that Dr. Antwine's statement that her work could be a causative factor does not "come close" to the requisite level of proof. It pointed to Ms. Miller's activities away from work, such as housework and caring for a grandchild, which matched the purported repetitive activity at work. It claimed Ms. Miller had "worked" Dr. Antwine for months to get him to provide a favorable causation opinion. Mission asked the Court to deny her request and dismiss the claim.

## Findings of Fact and Conclusions of Law

### Standard applied

Ms. Miller must come forward with sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017).

### Analysis

### 1) Notice

Adequate notice of an injury is an absolute prerequisite to the employee's right to compensation. *Pool v. Jarmon D&Q Transp., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 9, at *8 (Feb. 18, 2016). Thus, at this expedited hearing, Ms. Miller must come forward with sufficient evidence for the Court to determine she would prevail on the issue at a hearing on the merits. Based on the evidence, Ms. Miller might have provided notice on at least two different occasions.

Ms. Miller said she provided notice on September 25; Mission denies that she did. The Court agrees with Mission. Specifically, the Court notes neither party denied the conversation of September 25 – they simply disputed what Ms. Miller said. The Court recognizes Ms. Miller sincerely believes she conveyed that she injured her arm at work. However, after directly observing both witnesses, the Court finds Mr. Cherry testified more credibly. He convincingly and adamantly repeated that Ms. Miller told him only that her arm hurt but did not report an injury. He admitted she reported an injury on November 3, and this admission belies any effort on his part to provide self-serving testimony. Thus, the Court finds Ms. Miller *did not* convey "in plain and simple language the time, place, nature, and cause of the accident resulting in injury" on September 25. *See* Tenn. Code Ann. § 50-6-201(a)(2).

3

However, the Court finds Ms. Miller *did* convey this information on November 3. On this point, Mr. Cherry testified Ms. Miller "had to have reported" on November 3, or he would not have completed a First Report of Work Injury. He recalled something "came up" about "carpal tunnel" in his communication with Ms. Miller, and he knew she saw Dr. Antwine a second time. Thus, Ms. Miller's statements on November 3 constituted adequate notice of her alleged injury.

Having determined *when* Ms. Miller provided notice, the Court turns to its legal sufficiency. Ms. Miller reported an injury caused by repetitive work. When gradual injuries occur, Tennessee law requires they be reported within fifteen days after the employee:

(1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or

(2) Is rendered unable to continue to perform the employee's normal work activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related activities.

Tenn. Code Ann. § 50-6-201(b).

Under these requirements, the Court holds Ms. Miller reported her injury to Mission within fifteen days of when she became unable to perform her normal work and Dr. Antwine mentioned a possible work connection. The Court holds she provided proper notice.

### 2) Panel of physicians

The Court now turns to Mission's obligation to provide a panel of physicians. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that when an employee "has suffered an injury and *expressed a need for medical care*, the employer shall designate [a panel of physicians]." (Emphasis added). Ms. Miller expressed a need for medical care on November 3. Mission contested its obligation to provide benefits on grounds of inadequate proof of causation and lack of notice.

Looking to Mission's defenses, the Court has found Ms. Miller provided adequate notice. In *Pool*, the Appeals Board explained that notice exists to provide an employer "the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Id.* at *7. Further, employers have the opportunity after receiving notice to conduct "a reasonable investigation" and make a decision on compensability within

4

fifteen days of the notice of an injury. Tenn. Comp. R. & Regs. 0800-02-14-.04(6) (August 2018). This opportunity to investigate prevents compelling an employer to provide medical benefits without regard to any potential defenses. *Hardin v. Dewayne's Quality Metals*, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *8 (Nov. 18, 2015). The Court finds Mission had adequate opportunity to investigate the claim.

Next, the Court looks to the lack of medical evidence defense. On this point, the Court holds Ms. Miller came forward with sufficient evidence to receive a panel of physicians. In *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015), the Appeals Board determined that an employee must only come forward with sufficient evidence at an expedited hearing to show she likely would prevail at a hearing on the merits but is not required to produce proof that her condition was causally related to her work to receive a panel. Like the employee in *McCord*, Ms. Miller established a work incident, medical evaluation for the resulting symptoms, and that she reported the injury. Thus, Mission must provide a panel.

Mission ultimately provided a panel but offered no explanation as to why it did so in August 2018, some ten months after the report of injury. The Court is unpersuaded that the delay was appropriate based on Dr. Antwine's opinions, particularly after he stated on February 15 that Ms. Miller suffered from a work-related condition. Even then, Mission waited another six months to provide a panel. The Court finds Mission's delay violates Tennessee Code Annotated section 50-6-118(12) requiring timely provision of a panel and refers the case to the Penalty Unit for consideration of a penalty.

### 3) Inclusion of Dr. Antwine

A belated attempt to insist an injured worker treat with a panel physician after that worker has established a doctor-patient relationship with another will not succeed, particularly absent evidence other than assertion of the employer's right to choose the physicians. *Burnette v. WestRock*, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *12 (Oct. 31, 2017). In *Burnette*, the employee established he expressed a need for medical care and the employer knew he received medical treatment on his own. *Id.* at *13. Likewise, there was an "absence of information supporting a compensability defense as to the occurrence of the accident." *Id.*

The Court finds comparable facts here and holds it inappropriate to compel Ms. Miller to treat with another physician, given the relationship she has with Dr. Antwine. Thus, the Court designates him as the treating physician.

*4) Medical bills*

Tennessee law is long-settled that an employer who does not timely provide a panel risks being required to pay for treatment an injured worker receives on her own. *Burnette,* at \*10.

Here, Mission learned of Ms. Miller's claimed injury on November 3. Two medical bills in evidence contain dates of service for treatment of de Quervain's tenosynovitis after that date. Having found Mission should have provided a panel, the Court holds she is entitled to payment of Dr. Antwine's bills from November 17 and December 15, 2017.

*5) Temporary Total Disability Benefits*

To establish entitlement to temporary benefits, Ms. Miller must show she (1) became disabled from working due to a compensable injury, (2) a causal connection between the injury and her inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales,* TN Wrk. Comp. App. Bd. LEXIS 48, at \*7 (Dec. 11, 2015). In this case, Ms. Miller established she became disabled from working due to an injury based on Dr. Antwine taking her off work as of October 30 to December 15. On December 15, Dr. Antwine recommended surgery and kept Ms. Miller off work through January 25, 2018, the date of the proposed surgery.

The Court finds Dr. Antwine totally restricted Ms. Miller from work from October 30, 2017, through January 25, 2018. The Court orders Mission to pay temporary total disability benefits for that period. The Court will not infer under these facts that Dr. Antwine would have totally restricted Ms. Miller for any other times, but she may present evidence at a trial on the merits regarding further entitlement to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mission shall provide medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A) with Dr. Antwine is designated the authorized physician.

2. Mission shall pay Ms. Miller's medical bills from Dr. Antwine's office in the amount of $70.00 for dates of service of November 17 and December 15, 2017.

3. Mission shall pay Ms. Miller temporary total disability benefits from October 30, 2017, through January 25, 2018, a period of twelve weeks and three days at the rate of $235.15 per week, or $2,920.56.

4. This matter is set for a Status Hearing on **Monday, December 10, 2018, at 9:00**

**a.m. Central time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 2ⁿᵈ day of October, 2018.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Medical Records of Dr. Harold Antwine
2. First Report of Work Injury
3. Notice of Denial of Compensation (C-23)
4. Off-work slips from Dr. Antwine
5. Wage Statement
6. Medical bills of Dr. Antwine
7. Pay stubs from October and November 2017
8. Job Description

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Case for Show Cause Hearing
4. Request for Expedited Hearing
5. Order Setting Case for Expedited Hearing
6. Employer's Motion for Emergency Telephone Hearing

7. Employer's Motion to Continue Expedited Hearing
8. Employee's Response to Motion to Continue Expedited Hearing
9. Employer's Pre-Hearing Statement
10. Order on Employer's Motion for Emergency Telephone Hearing


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of October, 2018.

| Name | Via Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Carolyn Miller, Employee | X | | 46 Archwood Dr.<br>Jackson, TN 38301 |
| A. Allen Grant, Employer's Attorney<br>Ryan Mirian, Employer's Attorney | | X | agrant@eraclides.com<br>rmirian@eraclides.com |
| Penalty Unit | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

8